Porter, J.
It is alleged by the plaintiffs in this case, that they obtained a judgment for the sum of $ 11,239 94 cents, with interest at six per cent, from the 8th of January, 1818; against Peter Laidlaw & Co., and that the *469 said judgment was duly recorded, whereby it had the force and effect of a mortgage on all real estate owned by the defendants in that suit; that among the property thus affected for the security of this debt, there were certain lots of ground in the Fauxbourg Marigny, which have come into the hands ot one Thos.
East’n District.
Dec. 1821.
Johnson, who bought them subject to this lien of the petitioners.
It is further alleged, that there is yet due of the judgment already mentioned, $1500, with interest, and that Laidlaw & Co., and Thomas Johnson have become bankrupts. The petition concludes with a prayer, that notice be given to the syndics of those persons, and that the property above described, be seized and sold.
An answer was filed by one of the syndics of Laidlaw & Co., averring that the plaintiffs had a judicial mortgage on all the property owned by that partnership on the 2d of Nov. 1818, and praying the decision of the court, whether under these circumstances the plaintiffs were entitled to the remedy they asked for.
Nathan Morse, who had purchased the premises from Johnson, afterwards intervened, and stated that he was the owner and possessor of them; and among various objections *470 which he made against the right of the petitioners to recover in this suit, averred that there was sufficient property in the possession of Laidlaw & Co. and their syndics, to satisfy this claim, and which property he required to be discussed.
There was judgment for Morse, the intervening petitioner, and the plaintiffs appealed.
It has been already decided by this court in the case of Chiapella vs. Lanusse and others, that on a failure being decreed, the whole of the property of the insolvent passes into the hands of the syndics, whose duty it is to sell it pursuant to law, and pay each creditor according to the rank and order of his claim. And for the better attainment of this object, an act of the legislature has provided (act relative to the voluntary surrender of property, 20th of February, 1817, sec. 31) that the syndics shall be authorised to give a release of the mortgages existing on the property, and that the creditor shall retain on the proceeds the same privilege he had on the thing disposed of.
If therefore these lots of ground still remained in the possession of Laidlaw’s syndics, the present plaintiffs could not sue and sell *471 them at their particular instance, as the law would oblige them to present their demand in the concurso formed by the creditors, and compel them to; receive payment out of the general mass. Shall they then have the right to do so when the property has come into the hands of a third person ? I think not. The money proceeding from the sale of the real estate, stands in place of the thing sold, and the same preference is retained on it. The creditor therefore should seek payment front the syndics, and I am of opinion that the plea by which he is referred to them for that purpose, is fully sustained.
An objection has been made that the sale to Johnson was irregular, that it was not executed in pursuance to the formalities which the law requires, and that the judge did not authorise it. Admitting all this to be correct, I cannot see how it aids the pretentions which the plaintiffs set up. For if it be true that no legal alienation of this property has taken place, then it still remains as a part of the bankrupts’ estate; and so situated, no particular creditor has the right of selling it; it yet forms a portion of what was surrendered by the insolvent, and must he disposed of by the syndics.
Eustis for the plaintiffs, Morse for the defendants.
On the whole, I have no doubt that the judgment of the parish court should be affirmed with costs.